Yvonne MESTRE, an individual; Michael Manahan, an individual, Plaintiffs—Appellants,

v.

VIVENDI UNIVERSAL U.S. HOLDING CO., a Delaware corporation dba Universal Pictures dba Universal Focus; Vivendi Universal Entertainment LLP, a Delaware limited partnership dba Universal Pictures dba Universal Focus; Universal Studios, Inc., a Delaware corporation dba Universal Pictures dba Universal Focus; Focus Features LLC, a Delaware limited liability company dba Focus Features; Scholastic, Inc., a New York corporation; Lee Hall, an individual; Pippa Hall, an individual and Does 1–50 inclusiv., Defendants—Appellees.

No. 05–35942.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed April 10, 2008.

Yvonne Mestre, Portland, OR, pro se.

Michael Manahan, Portland, OR, pro se.

Margaret Leiberan, Mason & Associates, Beverton, OR, for Plaintiffs–Appellants.

Ernest J. Simmons, Esq., Portland, OR, Louis P. Petrich, Esq., Leopold Petrich & Smith, Los Angeles, CA, for Defendants–Appellees.

* The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

Before: FISHER and BERZON, Circuit Judges, and BARZILAY, Judge.*

MEMORANDUM **

Yvonne Mestre ("Mestre") appeals the district court's summary judgment in favor of the defendants in her copyright infringement claim. We have jurisdiction under 28 U.S.C. § 1338(a) and (b) and we affirm.

Mestre claims the author, producers, and others involved in the creation of the movie *Billy Elliot* (collectively, "the defendants") stole her original screenplay, *The Sunday Hat.* Contending that there are genuine issues of material fact regarding both access and substantial similarity, she argues that the question of copyright infringement should be presented to the jury. Because we agree with the district court that the scripts are not substantially similar, we do not reach the question of access. *See Olson v. Nat'l Broad. Co., Inc.,* 855 F.2d 1446, 1448 (9th Cir.1988).

Having reviewed the record, we conclude that there are some general similarities between *The Sunday Hat* and *Billy Elliott.* These similarities, however, do not extend beyond generic plot lines, or *scenes a faire,* which are not protected by copyright law. *See Funky Films, Inc. v. Time Warner Entm't,* 462 F.3d 1072, 1077 (9th Cir.2006). Although "[a]t first blush, these apparent similarities appear significant[,] ... an actual reading of the two works reveals greater, more significant differences and few real similarities at the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

levels of plot, characters, themes, mood, pace, dialogue or sequence of events." *Id.* at 1078. Moreover, even if "[t]he particular sequence in which an author strings a significant number of unprotectable elements can itself be a protectable element" in certain contexts, Mestre has not demonstrated sufficient similarities in sequence to qualify for such protection. *Metcalf v. Bochco,* 294 F.3d 1069, 1074 (9th Cir.2002); *see Rice v. Fox Broad. Co.,* 330 F.3d 1170, 1179 (9th Cir.2003) (limiting *Metcalf* to its facts).

**AFFIRMED.**